**In re DAVIS et al.**

**Patent Appeal No. 4555.**

Court of Customs and Patent Appeals.

June 1, 1942.

Thomas E. Scofield, of Kansas City, Mo., for appellants.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims (Nos. 1 to 6, inclusive) in appellants' application for a patent for an alleged invention relating to improved lubricants for use in internal combustion engines, particularly Diesel engines.

Claims 1, 2, and 3, and claim 4 (which is illustrative of claims 5 and 6), read:

"1. A lubricant consisting in combination of a major amount of a hydrocarbon oil and a minor amount of a metal soap of an acid selected from the following group:

"Acids recovered from the oxidation of hydrocarbons,

"Substituted acids recovered from the oxidation of hydrocarbons.

"2. A lubricant consisting in combination of a hydrocarbon oil and from one fourth of one per cent to fifteen per cent by weight of a metal soap of an organic acid recovered from the oxidation of hydrocarbons.

"3. A lubricant comprising in combination a hydrocarbon oil and from one fourth of one per cent to fifteen per cent by weight of a metal soap of a substituted organic acid recovered from the oxidation of hydrocarbons.

"4. A lubricant comprising in combination a hydrocarbon oil and from one fourth of one per cent to fifteen per cent by weight of a metal soap of an aliphatic substituted fatty acid."

The references are:

Parker, 2,001,108, May 14, 1935;
Nelson, 2,055,043, September 22, 1936;

Vobach, 2,081,075, May 18, 1937;
Vobach, 2,095,538, October 12, 1937;
Neely, 2,144,078, January 17, 1939.

As will be observed from the quoted claims, the alleged invention relates to a lubricating oil consisting of a large portion of hydrocarbon oil and a minor quantity of a metal soap. The metal soap is made either from acids recovered from the oxidation of hydrocarbons or from substituted acids recovered from the oxidation of hydrocarbons.

Owing to the increased loads placed upon Diesel engines and the high temperatures produced during the operation of such engines, the lubricants used therein have a tendency to form a sludge which interferes with proper lubrication and causes sticking of piston rings, etc.

Appellants state in their application that they discovered that by adding small quantities of the metal soaps called for by the appealed claims to hydrocarbon oil, they obtained a greatly improved lubricant—one in which the formation of sludge was so reduced as to substantially eliminate the gumming or sticking of piston rings in internal combustion engines, such as "airplane engines, automobile engines," etc.

In rejecting the appealed claims, the Primary Examiner stated that quoted claim 1 is a generic claim; that claim 2 is for one species of the alleged invention, that claim 3 is for another, and that claims 4, 5, and 6 are for still another; that as appellants had elected to claim the species defined in claim 3, and as claim 1 was not patentable over the references of record, appellants were estopped to claim in their involved application the two species of the alleged invention defined in claim 2 and in claims 4, 5, and 6. Claim 3 was also rejected by the Primary Examiner on the prior art cited. Although conceding that the prior art does not disclose as an addition agent to hydrocarbon oils the use of a soap made from acids or substituted acids produced by the oxidation of hydrocarbons, the Primary Examiner held that as the metal soaps called for by the appealed claims were old as disclosed in the patent to Nelson and as the patents to Parker, Vobach, and Neely disclosed the use of other soaps in hydrocarbon oils for the purpose of preventing the formation of sludge and the resulting difficulties, the appealed claims were unpatentable. In so holding, the examiner said: *"Parker* discloses lubricating oil stabilized by means of the addition to the oil of a small quantity of soap. The particular soap disclosed by Parker is a soap of naphthenic acids oil distillates. *Nelson* is cited merely as an example of soaps which are derived from the acids obtained by the oxidation of hydrocarbons. The *Vobach* patents disclose calcium phenyl stearate alone or admixed with calcium stearate, added to lubricating oil for the purpose of preventing sludge formation in the piston ring grooves of Diesel engines. *Neely* uses aluminum salts of petroleum naphthenic acids in lubricating oils to prevent agglomeration of sludge and ring sticking in Diesel engines. These disclosures by Parker, Vobach and Neely of various soaps to prevent ring sticking are believed to negate patentability in the broad idea of using soaps. It is believed that given these disclosures it is obvious to select other types of soap for the purpose; and that no invention is involved in the absence of any showing that the soaps are not mere equivalents." (Italics quoted.)

In affirming the decision of the Primary Examiner, the Board of Appeals stated that although appellants claimed that unobvious results were obtained by substituting the addition agents specified in the appealed claims for the addition agents disclosed in the prior art cited, apparently no such contention was made before the Primary Examiner and, therefore, it did not feel justified in holding that the results obtained by appellants were unobvious in view of the prior art disclosures.

It appears from the patent to Parker that the metallic naphthenates or metallic salts of organic acids, disclosed by the patentee as addition agents in stabilizing hydrocarbon oils for use as lubricants, occur naturally in petroleum oils. The patentee states that such metallic naphthenates or metallic salts are "vastly superior for the purpose of stabilizing lubricating and transformer oils" to "any of the other substances used for similar or analogous purposes," and that they "should preferably be oil-soluble."

The patent to Nelson, as stated by the Primary Examiner, discloses the particular soaps specified in the appealed claims and the use of such soaps in combination with petroleum oil (the oil ranging from 4.54 per centum to approximately 22 per centum of the mixture) in the manufacture of grease, such as axle grease, "hot roll neck grease, etc." There is no suggestion

in that patent that the soaps therein disclosed could be used in hydrocarbon oils for any purpose other than in the making of greases. In fact, the patent was cited by the tribunals of the Patent Office for the sole purpose of showing that the particular soaps specified in the appealed claims were old. (It may be stated at this point that counsel for appellants do not contend that appellants' soaps were originally produced by them.)

As stated by the Primary Examiner, the two patents to Vobach relate to lubricating oil compositions, and disclose the use of calcium phenyl stearate alone or admixed with calcium stearate in combination with petroleum oils. The patentee states that his combination has a high solvent capacity for sludge, and that it also has the property of rendering sludge and carbon "soft and friable rather than hard and coherent."

The patent to Neely relates to a combination of hydrocarbon lubricating oil and a small amount of basic aluminum salt of petroleum naphthenic acids. The basic aluminum salts of petroleum naphthenic acids are used, according to the patentee, as an anti-sludging material. The patentee does not disclose or suggest the use of metal soaps made from acids or substituted acids recovered from the oxidation of hydrocarbons.

It will be observed that the Primary Examiner stated in the quoted excerpt from his decision that the disclosures in the patents to Parker, Vobach, and Neely of the use of the particular soaps therein disclosed in hydrocarbon oils as anti-sludging agents negatives "patentability in the broad idea of using soaps"; that, in view of those disclosures, it would be obvious to select other types of soap as anti-sludging materials; and that "no invention is involved in the absence of any showing that the soaps are not mere equivalents."

Appellants state in their application that metallic soaps of the type disclosed in the patents to Parker, Vobach, and Neely had been used as anti-sludging material in lubricating oils; that those anti-sludging materials are not sufficiently soluble in hydrocarbon oils to produce a lubricating oil which is sufficiently stable to prevent the formation of sludge under the severe operating conditions to which lubricating oils are now subjected; that although free fatty acids or free substituted acids are sometimes blended with the prior art metal soaps to increase the solubility of such soaps, such acids contribute to the unstableness and corrosiveness of lubricating oil; and that as appellants' metal soaps are soluble in hydrocarbon oils, they, when combined with such oils, have proved very efficacious in preventing the formation of sludge and the resulting difficulties.

We have given careful consideration to the views expressed by the tribunals of the Patent Office in the light of appellants' application and the disclosures contained in the references of record, and have concluded that appellants' metal soaps have anti-sludging properties not possessed by the soaps disclosed in the patents to Parker, Vobach, and Neely; that appellants' lubricating oil is superior to the lubricating oils disclosed in the references of record; and that the references, although disclosing soaps as addition agents in the manufacture of lubricating oils, do not suggest that any and all metal soaps, particularly the metal soaps employed by appellants, would be useful as anti-sludging material for use in lubricating oils.

Although it occurred to the patentee Nelson that metal soaps made from acids, and substituted acids, recovered from the oxidation of hydrocarbon oils, which he disclosed, might be combined with small quantities of hydrocarbon oils in the manufacture of greases, it evidently was not obvious to him that such metal soaps were valuable as anti-sludging agents in lubricating oils for internal combustion engines. Furthermore, although the patent to Nelson was issued September 22, 1936, it evidently did not occur to either the patentee Vobach, whose application No. 142,624, which matured into patent No. 2,095,538, was filed May 14, 1937, subsequent to the issuance of the Nelson patent, or to the patentee Neely, whose application was filed May 11, 1937, subsequent to the issuance of the Nelson patent, that the metal soaps disclosed by Nelson (and used by appellant) would serve as successful anti-sludging agents in lubricating oil.

For the reasons stated, we are of opinion that appealed claims 1 and 3 are patentable over the references of record.

■ Appealed claim 1 being a generic claim, appellant is entitled to prosecute in the involved application species claim 2 and species claims 4, 5, and 6, as well as species claim 3, and the rejection of claims 2 and 4, 5, and 6 on the ground of estoppel

was not proper. See rule 41 of the Rules of Practice in the United States Patent Office.

The decision of the Board of Appeals is reversed.

Reversed.